UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY WILLIAMS,

        Plaintiff,

   -against-

NYS OFFICE OF MENTAL HEALTH,
et al.,

        Defendants.
-----------------------------------------------------------X

No. 10-CV-1022 (SLT) (JO)

**ORDER**

TOWNES, United States District Judge:

    Plaintiff, a patient in a state-operated mental health facility commenced this action against the New York State Office of Mental Health ("OMH") and others for alleged violations of his civil rights. Plaintiff claims, among other things, that he was subjected to abuse, threatened, forced to take medication against his will, and denied due process of law. (*See* Plaintiff's Amended Complaint, Docket No. 8.) Plaintiff has also moved for a preliminary injunction under Fed. R. Civ. P. 65 enjoining the defendants during the pendency of the action from forcefully dispensing medication to the plaintiff.

    The Court issued an Order to Show Cause dated March 29, 2010, ordering the defendants to show cause before this Court, by a written submission, why a preliminary injunction should not be issued. In OMH's response to the Order to Show Cause, it describes the plaintiff's twenty-year history of mental illness. OMH states that the plaintiff has been committed and hospitalized multiple times in the past following his arrests for numerous crimes. OMH explains that the plaintiff was admitted to the institution where he is know being held pursuant to a commitment proceeding brought under New York Mental Hygiene Law § 9.27. OMH also

1

submits a declaration from the plaintiff's treating psychiatrist. A "Clinical Psychiatric Summary" and other treatment records are attached to the declaration as exhibits.

The Federal Rules of Civil Procedure provide:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003); *Perri v. City of New York*, 350 Fed. Appx. 489, 491 (2d Cir. 2009). In *Ferrelli*, the Second Circuit held:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

323 F.3d at 201 (citing *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir.1986)). The Fourth Circuit has observed in *Hudnall*:

> What [Rule 17(c)] undoubtedly contemplates is that form of mental deficiency which . . . affects the person's practical ability "to manage his or her own affairs."

800 F.2d at 385. Based on the Court's review of the medical information regarding the plaintiff's mental condition, his past commitments and hospitalizations, and his current commitment pursuant to New York Mental Hygiene Law § 9.27, the Court finds that the plaintiff is incompetent within the meaning of Rule 17(c) and cannot manage his own affairs.

Accordingly, Magistrate Judge James Orenstein is directed to appoint a guardian *ad litem* for the plaintiff in accordance with Fed. R. Civ. P. 17(c). The motion for a preliminary injunction will be held in abeyance until the plaintiff's guardian *ad litem* has had an opportunity to be heard on the motion. The motion is also respectfully referred to Magistrate Judge Orenstein for a report and recommendation pursuant to 28 U.S.C. § 636(b).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated:   April 29, 2010
         Brooklyn, New York