**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ANTHONY WILLIAMS,                                        **MEMORANDUM**
                         Plaintiff,                       **AND ORDER**
           - against -
                                                    10-CV-1022 (SLT) (JO)
NEW YORK STATE OFFICE
OF MENTAL HEALTH, et al.,
                         Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

         The defendants move to stay discovery pending determination of their anticipated motion to dismiss the Amended Complaint for failure to state a claim. *See* Docket Entry ("DE") 97 (Motion to Stay Discovery) ("Mot.") at 1-2 & n.2; DE 102 (approved briefing schedule). At a status conference on May 2, 2011, I set a briefing schedule, pursuant to which any opposition to the motion by plaintiff Anthony Williams ("Williams") was due by May 31, 2011. *See* DE 94 (minute entry). To date, Williams has filed no opposition, nor has he requested additional time to respond to the motion to stay; I therefore consider it unopposed.

         Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. United States Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). The following factors may be considered in determining whether a stay is warranted: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; … (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007). A stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way,

do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted; alterations in original); *accord Computer Assocs.*, 247 F.R.D. at 69.

The defendants represent that their motion for judgment on the pleadings will assert the following grounds for dismissal: the complaint fails to state a claim under 28 U.S.C. § 1983; the *Rooker-Feldman* doctrine bars review by the district court of the underlying state court judgments; and the individual and state defendants are entitled to various qualified and absolute immunity defenses. *See* Mot. at 1-2 & n.2. The defendants appear to have a substantial basis in the law for their arguments. Additionally, although this case was filed on March 5, 2010, it is still at a preliminary stage, and any discovery would likely be highly burdensome, involving a great deal of information and numerous parties. In short, weighing the potential burden of responding to discovery against the potential prejudice to Williams, I conclude that the circumstances favor a stay. I therefore grant the defendants' motion and stay all discovery pending the resolution of the defendants' dispositive motion. I direct the defendants' counsel promptly to provide a copy of this Memorandum and Order to the plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
June 8, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge