UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY WILLIAMS

                Plaintiff,

      -against-

NEW YORK STATE OFFICE OF
MENTAL HEALTH,

                Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 28 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-1022 (SLT) (JO)

**TOWNES, United States District Judge:**

    In a Complaint filed on March 5, 2010, plaintiff Anthony Williams ("Williams") claims that the defendants, a group of entities and individuals providing state-sponsored mental health services, violated his rights. Specifically, Williams seeks both monetary damages and injunctive relief on the basis of his assertion that, while he was involuntarily detained for psychiatric treatment, the defendants denied him access to religious services and the courts, violated his due process rights, denied him adequate psychological counseling, and forced him to take medication against his will. On the same day that he filed suit, Williams also filed a motion seeking to preliminarily enjoin the defendants from forcibly medicating him. By Order dated May 6, 2010, this Court referred plaintiff's motion to Magistrate Judge James Orenstein and also asked him to consider whether the court should appoint a guardian *ad litem*. On December 21, 2010, when these motions were pending, Williams was released from the inpatient facility to which he was previously confined.

    On April 25, 2011, Judge Orenstein issued his report and recommendation ("R&R"), recommending that the Court deny the motion for preliminary injunction, *sua sponte* dismiss the Amended Complaint's claim for permanent injunctive relief, and decline to appoint a guardian *ad litem*. Plaintiff objects to the R&R. For the reasons stated below, the R&R is adopted in its

entirety.

This case arises from Williams's confinement at the Kingsboro Psychiatric Center ("Kingsboro"), a facility operated by defendant New York State Office of Mental Health (the "OMH"). Williams was sent to Kingsboro after a state court found that he lacked capacity to be tried on a larceny charge. *See* Docket No. 17 at 3. The same day, Kingsboro served an Order to Show Cause seeking to medicate Williams over his objections. *Id.*

On December 4, 2009, Williams allegedly attacked defendant Dr. Majula Vikas, a physician at Kingsboro. *Id.* As a result of that incident, Williams was arrested and charged in state court with assault in the third degree. On March 3, 2010, the state court again found that Williams lacked capacity to stand trial, dismissed the assault charge and committed Williams to the custody of the OMH Commissioner. *Id.* at 3-4. The OMH subsequently transferred Williams to the Creedmoor Psychiatric Center ("Creedmoor") pursuant to a court order.

In the interim period, both Williams and the OMH sought further legal relief in the state courts: Williams moved for rehearing and review of the order authorizing his detention at Creedmoor, and the OMH moved to detain Williams for six more months and to medicate him over objection. *See* Docket No. 67. It was during that same interim period, on March 5, 2010, that Williams, appearing without counsel, commenced the instant litigation by filing his original Complaint and moving for preliminary injunction barring the defendants from administering treatment over his objection. *See* Docket No. 4. The Court referred that motion to Magistrate Judge Orenstein, and also asked him to consider whether the Court should appoint a guardian *ad litem* for Williams. *See* Docket No. 30. Williams has since filed additional motions, including a request to appoint the American Civil Liberties Union as his guardian *ad litem*, Docket No. 33, and a request that the court appoint counsel for him and certify the case as a class action. Docket

2

No. 51.

On December 21, 2010 Williams was ordered released by the state court, thus, he is no longer in custody and is not facing the prospect of receiving medication against his will. Williams, however, contends that he is entitled to preliminary injunctive relief on the ground that if he ever seeks to take advantage of state-sponsored social services in New York, he faces a risk that an OMH-affiliated institution will seek to detain and medicate him over objection. *See* Docket No. 75.

## *Report and Recomendation*

This Court referred plaintiff's motion to Judge Orenstein, who issued his R&R on April 25, 2011. Judge Orenstein first concluded there exists no basis for injunctive relief because of lack of standing and mootness. With regard to standing, Judge Orenstein noted that plaintiff's subjective fear of a potential violation of his due process rights is too attenuated to establish the real and immediate threat required to make a showing of Article III standing or to satisfy the equitable standard required for an injunction. *See* Docket No. 92 at 6; *see also O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. . .if unaccompanied by any continuing, present adverse effects."). With regard to mootness, Judge Orenstein found that Williams' speculative belief that he may be detained by the OMH in the future does not overcome his mootness problem. He reasoned that injunctive relief was mooted because a state court has already reviewed the propriety of the OMH detaining and medicating him, thus, there is no indication that he would be unable to obtain judicial review of a similar alleged violation of his due process rights.

Finally, Judge Orenstein concluded that there is not sufficient evidence in the record to

3

conclude that Williams is incompetent and that a guardian *ad litem* should not be appointed over his objection.

Plaintiff has timely objected to the R&R on two grounds. First, Plaintiff reasserts that persons under psychiatric discharge from a hospital may be "mandated to take medication against their will," and that his case is not moot due to the existing threat that defendants may medicate him against his will while he seeks psychological services. *See* Docket No. 98 at 1, 6. Second, Plaintiff asserts that he "did petition the Court for a guardian *ad litem*. . .," and he appears to object to Judge Orenstein's recommendation that this Court refrain from appointing one. *See* Docket No. 98 at 7.

## *DISCUSSION*

### *Standard of Review*

In reviewing Plaintiff's objections, this Court applies the standard of review set forth in 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3) of the Federal Rules of Civil Procedure. Under both of these provisions, a district court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b) (1)(C); *see* Fed. R. Civ. P. 72(b)(3). Upon *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 363(b)(1)(C). "The Judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### *Preliminary Injunction*

Although Plaintiff continues to assert that he faces the threat of medication against his will in the event that he seeks psychological services from defendants in the future, he has failed to show a basis for injunctive relief. "A Plaintiff seeking a preliminary injunction must establish

4

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 129 S.Ct. 365, 374 (2008).

Moreover, a plaintiff "'bears the burden of showing that he has standing for each type of relief sought[.]'" *Salazar v. Buono*, 130 S.Ct. 1803, 1826 (2010) (quoting *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009). "Article III of the Constitution "restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,' - injury-in-fact, causation, and redressability." *Jenkins v. United States*, 386 F.3d 4215, 417 (2d Cir. 2004) (quoting *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003)).

The requirement that Plaintiff be "under threat of suffering injury in fact" (*Summers*, 129 S.Ct at 1149) is akin conceptually to the showing of irreparable harm necessary for the issuance of an injunction. *See Lyons*, 461 U.S. at 103. To demonstrate irreparable harm, a Plaintiff must allege an injury that is "neither remote nor speculative, but actual and imminent. . ." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). Put another way, Plaintiff must show that "he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009) (citations omitted).

Williams asserts that when he seeks psychological services from defendants in the future, he is at risk for being: 1) medicated against his will; 2) denied due process; and 3) denied access to the courts. For purposes of his analysis, Judge Orenstein assumed that Williams was correct

5

as a factual matter in predicting that he will face a risk of an attempt by the OMH to detain and medicate him if he seeks to take advantage of state-sponsored social services in the future. Even under that assumption, this Court agrees with Judge Orenstein's conclusion that subjective fear of a potential violation of his due process rights is too attenuated and speculative to make a showing of Article III standing or to satisfy the standard required for an injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). The threat of injury in fact is merely hypothetical, and Williams has failed to show that it is concrete and particularized. Therefore, Plaintiff lacks standing and has failed to satisfy the standard required for the entry of an injunction.

Moreover, Williams's application for an injunction is also denied as moot because he no longer faces an actual and imminent threat of involuntary medication by the OMH. As Judge Orenstein reasoned, in the event that OMH does attempt to detain and medicate Williams in the future, there is no indication that he would be unable to obtain judicial review of a similar alleged violation of his due process rights. *See, e.g., Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) (mootness cannot be overcome by speculation that the Plaintiff may return to prison). In fact, his application for injunctive relief was mooted precisely because a state court reviewed the OMH's attempt to detain and medicate him. Therefore, this Court *sua sponte* dismisses Plaintiff's claim for entry of a permanent injuction.

### *Guardian* Ad Litem

Williams appears to object to Judge Orenstein's recommendation that this Court refrain from appointing Plaintiff a guardian *ad litem* at this time, and he states that he petitioned the Court for such a guardian himself. Williams did file a document in which he "appoints the American Civil Liberties Union *ad litem*," however, in the same document, he states that he "has never been found or rendered incompetent by any jury." Docket No. 33. Williams does not

object to Judge Orenstein's determination that he "is sufficiently competent to litigate on his own behalf." R&R at 10. Instead, Plaintiff appears to object only to the outcome recommending denial of a guardian *ad litem* appointment.

After reviewing the record, this Court concurs with the determination that Williams is competent to litigate for himself and does not need a guardian *ad litem* at this time. The most recent medical report about Williams's mental state by Dr. Allen Reichman reveals that Plaintiff is coherent, and Dr. Reichman did "not document the presence of a psychotic condition." Docket No. 53 at 3. Williams appeared to be responsive and coherent, and to understand the nature of the proceeding during the October 22, 2010 conference with Judge Orenstein. Furthermore, Plaintiff's written submissions to this court are comparable in organization and analysis to similar submissions typically made by non-lawyer *pro se* litigants. Therefore, this Court declines to appoint a guardian *ad litem* at this time.

## CONCLUSION

For the reasons stated above, Magistrate Judge Orenstein's Report and Recommendation dated April 25, 2011, recommending that this Court 1) deny plaintiff's motion for preliminary injunction as moot; 2) *sua sponte* dismiss his claim for a permanent injunction; and 3) decline to appoint a guardian ad litem on his behalf at this stage of the proceeding, is adopted in its entirety.

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: September 28, 2011
Brooklyn, New York