UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY WILLIAMS,                                            REPORT AND
                        Plaintiff,                        RECOMMENDATION
           - against -
NEW YORK STATE OFFICE                                        10-CV-1022 (SLT) (JO)
OF MENTAL HEALTH, et al.,
                        Defendants.
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

       In a Complaint filed on March 5, 2010, plaintiff Anthony Williams ("Williams") asserted that the New York State Office of Mental Health ("OMH"), together with other entities and individuals providing state-sponsored mental health services, had violated his rights while he was involuntarily detained at Kingsboro Psychiatric Center ("Kingsboro"). On the same day that he filed suit, Williams also filed a motion seeking to preliminarily enjoin the defendants from forcibly medicating him. The Honorable Sandra L. Townes, United States District Judge, referred the latter motion to me. On December 21, 2010, while these motions were pending, Williams was released from the inpatient facility to which he was previously confined. On April 25, 2011, I recommended, among other things, that the court deny the motion for a preliminary injunction and *sua sponte* dismiss the claim for permanent injunctive relief. DE 92. On September 28, 2011, the court issued an order adopting my Report and Recommendation over Williams' objections. DE 120.

       On November 7, 2011, Williams was arrested in Manhattan and charged with misdemeanor offenses involving theft and narcotics. At his arraignment on those charges, the state court remanded Williams to custody and ordered that he undergo a psychological examination pursuant to Article 730 of the New York State Criminal Procedure Law to determine his mental fitness to stand trial. DE 121. On November 21, 2011, Williams filed the instant motion pursuant

to Rule 65 of the Federal Rules of Civil Procedure seeking to enjoin OMH, temporarily and preliminarily, from conducting the examination. *Id.*[1] On November 30, 2011, Judge Townes referred the motion to me for a report and recommendation. DE 124. I now make this report and, for the reasons briefly set forth below, respectfully recommend that the court deny the motion.

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *see Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985); *Rahman v. Goord*, 2011 WL 3422798, at *2 (W.D.N.Y. August 4, 2011); *Taylor v. Rowland*, 2004 WL 231453, at *2 (D. Conn. February 2, 2004); *Grullon v. Reid*, 2000 WL 648891, at *1 n. 1 (S.D.N.Y. May 19, 2000).

Here, there is virtually no relationship between the conduct asserted in the Complaint's remaining claims – which seek monetary damages for violations of Williams' rights that he asserts occurred in the past – and the purported injury Williams seeks to avoid in the instant motion. The issues in this case concern events occurring while Williams was involuntarily detained at Kingsboro Psychiatric Center in connection with his prior criminal cases. That detention ended with Williams' release on December 21, 2010. The instant request for preliminary injunctive relief

---

[1] Williams plainly seeks to enjoin defendant OMH, but does not purport to seek injunctive relief against any of the other named defendants in this action, most of whom – including all associated with Kingsboro – likely would not have any role in the evaluation Williams now seeks to block. It appears likely that the evaluation at issue in this motion would be performed by entities and individuals who are not parties to this action. For this reason as well as those discussed below, the relief Williams seeks in the instant motion is not germane to the pending lawsuit in this court.

concerns a court-ordered psychological evaluation on a criminal matter that arose almost eleven months after his release. It is therefore self-evident that Williams' motion for injunctive relief "has nothing to do with preserving the district court's decision-making power over the merits of [his] lawsuit." *Devose*, 42 F.3d at 471. Thus, Williams' request for temporary relief is not proper in this action and should be denied, without prejudice to his right to seek similar relief in an appropriate forum.

Accordingly, for the reasons set forth above, I respectfully recommend that the court deny Williams's motion for a preliminary injunction and a temporary restraining order. I direct the defendants to serve a copy of this Report and Recommendation on the plaintiff by certified mail, and to file proof of service no later than December 6, 2011. Any objections to this Report and Recommendation must be filed on the electronic docket no later than December 20, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
December 1, 2011

                                                                                          /s/
                                                    JAMES ORENSTEIN
                                                    U.S. Magistrate Judge