UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY WILLIAMS,

                Plaintiff,

                            **MEMORANDUM AND ORDER**
-against-                        10-cv-1022 (SLT) (JO)

NEW YORK STATE OFFICE OF
MENTAL HEALTH, et. al.,

                Defendants,
------------------------------------------------------------x

**TOWNES, United States District Judge,**

      This case arises from the involuntary confinement of Anthony Williams ("Plaintiff") at the Kingsboro Psychiatric Center ("Kingsboro"), a facility operated by defendant New York State Office of Mental Health (the "OMH"). On March 5, 2010, Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the OMH, as well as other entities and individuals providing state-sponsored mental health services (collectively "Defendants"), alleging that Defendants violated his constitutional rights while he was confined at Kingsboro. Plaintiff filed an amended complaint on April 5, 2010 (Dkt. No. 8). Currently before the Court is Defendants' motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. Rule 12(c).

**I.    Legal Standard**

      Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), "a party is entitled to judgment on the pleadings only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." *Bailey v. Pataki*, No. 08 Civ. 8563(JSR), 2010 WL 234995, at *1

(S.D.N.Y. Jan. 19, 2010) (quotation marks and citations omitted) (alteration in original). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to [Rule] 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, the Court applies the Rule 12(b) "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). District courts should first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Because "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense," district courts should not "grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

In deciding a Rule 12(c) motion, the district court may only consider the facts as presented within the four corners of the complaint. *Sira v. Morton*, 380 F.3d 57, 66-67 (2d Cir. 2004). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, … documents that, although not incorporated by reference, are "integral" to the complaint," *id.* (citations omitted), and any facts of which judicial notice may be taken, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Second Circuit has emphasized that "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document

on a dismissal motion; mere notice or possession is not enough." *Id*. (emphasis in original). However, documents that are "neither expressly cited in the complaint nor integral to the claims raised" may not be considered, even if the complaint makes "limited quotation[s] from or reference[s] to" those documents. *Sira*, 380 F.3d at 67. (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (rejecting argument that short quotations from an annual report and 10K statement incorporated those documents into the complaint). "[I]f the motion includes material 'outside the pleadings' and that material is 'not excluded by the court'" the district court must convert the motion to one for summary judgment. *Id*. (quoting Rule 12(c)).

Where, as here, the complaint was filed *pro se,* it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

## II. Factual Background

Consistent with Rule 12(c), the following facts were taken from the parties' pleadings and the documents relied upon therein.

Plaintiff was admitted to Kingsboro on September 9, 2009 after he was found to lack capacity to be tried on a larceny charge; he was involuntarily committed pursuant to Section 9.27 of the New York Mental Health Law ("MHL"). (Dkt. No. 110-2, MHL § 9.27 Application for Involuntary Admission dated Sept. 8, 2009, at 2, 7.) According to Defendants, while committed at Kingsboro, on December 4, 2009, Plaintiff attacked a physician, Dr. Manjula Vikas. (Dkt. No. 31, Defs.' Answer and Counterclaim, at 5-6.) As a result of that incident, Plaintiff was arrested and charged in state court with assault in the third degree. (Dkt. No. 110-5, MHL § 9.27

Application for Involuntary Admission dated March 9, 2010, at 3.) On March 9, 2010, the state court again found that Plaintiff lacked capacity to stand trial, dismissed the assault charge, and committed Plaintiff to the custody of the OMH Commissioner at the Creedmoor Psychiatric Center ("Creedmoor"). (*Id*. at 14.)

In the interim, both Plaintiff and the OMH sought further legal relief in the state courts: Plaintiff moved for rehearing and review of the orders authorizing his detention at Kingsboro and Creedmoor, (Dkt. No. 109-2 at 7-8 and 30-31, Petitions for Rehearing and Review Pursuant to MHL § 9.35, dated September 24, 2009 and December 29, 2009; at 44, State Court Order denying Plaintiff's March 23, 2010 MHL § 9.31 Application, dated April 28, 2010), and the OMH moved to detain Williams for six more months and to continue to medicate him over his objection. (Dkt. No. 110-5 at 4, MHL § 9.33 Application for Continued Treatment and Care; Dkt. No. 110-7, MHL § 33.03 Application for Order Authorizing Medication Over Objection.)

During that same interim period, on March 5, 2010, Plaintiff commenced the instant litigation, *pro se*, by filing his original complaint and moving for a preliminary injunction barring OMH from administering treatment over his objection. (Dkt. Nos. 1, 4.) He filed an amended complaint, dated March 31, 2010, naming additional individual defendants, seeking both monetary damages and injunctive relief. (Dkt. No. 8 ("Amd. Compl.").) He brings claims against OMH and against individual defendants OMH Commissioner Michael F. Hogan, Kingsboro Clinical Director Dr. Andrea Norton, Kingsboro Psychiatrist Mr. Manjula Vikas, Kingsboro Dr. Jacqueline Castille, and Kingsboro Treatment Team Leader Barbara Burroughs. He also brings claims against Mental Hygiene Legal Services ("MHLS") and his MHLS attorney, Taylor Green, who he alleges conspired with Kingsboro staff to deprive him of his constitutional rights. Specifically, Plaintiff alleges that while he was involuntarily committed,

Defendants violated his Fourteenth Amendment liberty and due process rights when they: (1) denied him access to jury review of his civil commitment, (2) denied him access to church services, (3) denied him access to mail, (4) deprived him of adequate psychological counseling, (5) violated his due process right to file grievances, and (6) forced him to take medication against his will. He does not appear to challenge the initial decision to involuntary commit him. (Pl.'s Br. at 3) (plaintiff states that he "does not challenge any state court decision[.]")[1] Rather, he challenges OHS's failure to produce him for a trial that was allegedly scheduled for October 11 and 14, 2009, in Brooklyn Supreme Court. (Amd. Compl. at 5, 7.) He contends that he was thus deprived of his right to "a jury review of his civil retention." (*Id*; Pl.'s Br. at 3). Further, presumably in connection with this trial, he alleges that his attorney, defendant Green, "conspire[d] with [Kingsboro] doctors to deprive [Plaintiff of his] liberty interest," and failed to prepare a defense for him and subpoena any witnesses. (Compl. at 6.)

On December 21, 2010, Williams was released from the inpatient facility to which he was previously confined. He therefore was no longer facing the immediate prospect of receiving medical treatments over his objections, and, accordingly, on July 11, 2011, this Court dismissed his preliminary injunction action as moot. (Dkt. No. 116.)

On June 13, 2011, Defendants filed the instant motion, pursuant to Fed. R. Civ. P. Rule 12(c), for judgment on the pleadings. Defendants assert that: (1) because they acted with court approval, Plaintiff has failed to show that Defendants violated his constitutional rights when he was involuntarily committed and involuntarily administered medication; (2) Defendants Hogan and Burroughs were not personally involved in the alleged deprivations of Plaintiff's rights and

---

[1] Because Plaintiff has not challenged the propriety of any state court judgments, this Court does not address Defendants' argument that the *Rooker-Feldman* doctrine bars this Court from reviewing state court decisions.

thus cannot be liable under Section 1983; (3) review of state court orders is barred by the *Rooker-Feldman* doctrine; (4) Defendants are entitled to either Eleventh Amendment and qualified immunity; and (5) defendant Taylor Green, as a MHLS attorney, is not a state actor for the purposes of Section 1983.

## III. Discussion

### A. Claims Against Commissioner Hogan and Ms. Burroughs

Plaintiff brings claims against Commissioner Hogan and Ms. Burroughs under Section 1983. 42 U.S.C. § 1983. In order to maintain a Section 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). It is well settled that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Plaintiff cannot base a defendant's liability on *respondeat superior* or on a "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "Consequently, to recover damages from a supervisor based upon an alleged constitutional violation, a plaintiff must show that the supervisor either directly participated in the violation, learned of it through a report or appeal but failed to take action, created or maintained the policy or custom which gave rise to it, or was grossly negligent in the supervision of subordinates who caused the violation to occur." *Makas v. Miraglia*, 05 CIV 7180 DAB FM, 2007 WL 152092, at *12 (S.D.N.Y. Jan. 23, 2007) (citing *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001)).

Plaintiff's bare allegation that Commissioner Hogan occupies a high position in the OMH hierarchy and "failed to protect patient [*sic*] from abuse," (Amd. Compl. at 6), is insufficient to sustain a Section 1983 claim against him because there is no allegation that Commissioner Hogan had any personal involvement in Plaintiff's care or caused the alleged violations to occur. *See Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) (holding that "bare fact that [Commissioner of Department of Corrections] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). Accordingly, Plaintiff's Section 1983 claims against Commissioner Hogan are dismissed.

With regard to Ms. Burroughs, the mere fact that Ms. Burroughs was a Kingsboro "Chief," as alleged in Plaintiff's complaint, or a "Treatment Team Leader" as described by Defendants, does not suffice for the purposes of Section 1983 liability. However, Plaintiff alleges that Ms. Burroughs was personally involved in violations of Plaintiff's constitutional rights. In his amended complaint, Plaintiff alleges that when he attempted to call the state court concerning his pending case, Ms. Burroughs interfered and told Plaintiff "just be cool … Albany can[']t help you, we run this hospital" and threatened Plaintiff. (Amd. Compl. at 6.) Plaintiff further alleges that "Dr. Castille was ordered [to violate Plaintiff's rights] by the treatment team [in retaliation for Plaintiff's] complaint involving mail, religious services, phone call[s, etc.]" and "Burroughs[,] even though not licensed to dispense medication[,] conferred with Dr. Castille to medicate plaintiff and delay [his] release." (Dkt. 117 at 13.) At this early juncture, Plaintiff's pleadings, construed liberally, suffice to state personal involvement by Ms. Burroughs for the purposes of Section 1983 liability. Accordingly, Defendants' motion is denied with respect to claims against Ms. Burroughs.

### B. *Claims Against Attorney Taylor Green*

Plaintiff may not bring claims against MHLS Attorney Taylor Green under Section 1983. As explained above, in order to state a claim under Section 1983, a plaintiff must show, *inter alia*, that the conduct complained of was committed by a person or entity acting under color of state law. *Pitchell*, 13 F.3d at 547. "[C]ourt-appointed attorneys do not act under color of state law by virtue of their appointment." *Fish v. Letterman,* 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (citations omitted); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). "This is true even if the attorney is employed by the Mental Hygiene Legal Services, a state-funded legal services agency under the direction of the New York State Office of Court administration." *Fisk*, 401 F. Supp. at 378 (dismissing claims against MHLS attorney alleging inadequate representation and failure to investigate the case or advocate for plaintiff's release from a hospital where she was admitted for psychiatric treatment because attorney did not act under color of state law and there were no facts presented to infer that the attorney conspired with state officials to violate plaintiff's constitutional rights); *see also Scott v. Djeck*, No. 09 Civ. 1122, 2010 WL 145297, at *4 (N.D.N.Y. Jan. 11, 2010) ("An attorney employed by M.H.L.S. is not a state actor for purposes of § 1983."); *Pecou v. Hirschfeld*, No. 07 Civ. 5449, 2008 WL 957919, at *1-2 (E.D.N.Y. Apr. 3, 2008) (same); *McNair v. Kirby Forensic Psychiatric Ctr.*, 09 CIV. 6660 (SAS), 2010 WL 1328616, at *2 (S.D.N.Y. Mar. 31, 2010) (same). The only exception to this rule is if "a court-appointed attorney conspires with a state official to violate the plaintiff's constitutional rights." *Fisk*, 401 F. Supp. at 378. However, for conspiracy allegations against a MHLS attorney to survive a motion to dismiss, Plaintiff must allege more than "conclusory,

vague, or general allegations of conspiracy." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

Plaintiff's amended complaint makes only threadbare conspiracy allegations against Attorney Green. Plaintiff's allegations concerning Attorney Green are as follows: "Taylor Green did fail to subpoena evidence, medical records, doctors and property from NY police department, phone numbers, personal phone and did instruct Hospital Staff on date and did conspire with [Kingsboro] Doctors to deprive liberty interest of plaintiff," (Amd. Compl. at 5), "Taylor Green … stated we won't help you," "failed to subpoena" witnesses in Plaintiff's defense, and "revealed a deal with Doctor[] regarding relevant document and evidence." (*Id*. at 6.) These vague allegations of conspiracy are not sufficient to state a cause of action under Section 1983 against a MHLS attorney. Accordingly, Plaintiff's Section 1983 claims against Taylor Green are dismissed.

### C. Eleventh Amendment

Plaintiff's claims against OMH and MHLS, and against individual defendants in their official capacities are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state and its agencies are generally immune from suit in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-59 (1996). There are two exceptions to this general rule: an explicit and unequivocal waiver of immunity by a state or a similarly clear abrogation of the immunity by Congress. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of the States. *Sandoval v. Dep't of Motor Vehicles State of New York*, 333 F. Supp. 2d 40, 43 (E.D.N.Y. 2004).

OMH is a state agency and is entitled to assert New York State's Eleventh Amendment immunity because "New York has not waived its immunity from suit, either generally or

specifically, for OMH," and Congress has not abrogated New York's Eleventh Amendment immunity in this context. *Makas*, 2007 WL 152092 at *13 (quoting *Vallen v. Mid-Hudson Forensic Office of Mental Health*, 02 CIV. 5666 (PKC), 2004 WL 1948756, at *2 (S.D.N.Y. Sept. 2, 2004)); *Braithwaite v. Kingsboro Pyschiatric Ctr.*, 07-CV-127 NGG, 2010 WL 3398962, at *2 (E.D.N.Y. Aug. 26, 2010) (dismissing claims against OMH under Eleventh Amendment); *Avni v. Pilgrim Psychiatric Ctr.*, 05-CV-5346 JS ETB, 2006 WL 2505241, at *4 (E.D.N.Y. Aug. 28, 2006) (same); *Kirwin v. New York State Office of Mental Health*, 665 F. Supp. 1034, 1037 (E.D.N.Y. 1987) (same).

Likewise, MHLS is a legal services agency under the direction of the New York State Office of Court administration and is entitled to assert New York State's Eleventh Amendment immunity. *Sasscer v. Barrios-Paoli*, 05CIV.2196 (RMB)(DCF), 2008 WL 5215466, at *4 (S.D.N.Y. Dec. 8, 2008) (citing *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) (explaining that "The State Office of Court Administration is an arm of the state and therefore immune.")).

Moreover, Eleventh Amendment immunity extends to state officials in their official capacities. *Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120, 128 (E.D.N.Y. 2013) (citing *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Plaintiff, therefore, may not recover damages in federal court from state officials acting in their official capacities. *Id.* Plaintiff does not indicate whether the individual defendants are sued in their personal or official capacities. To the extent that they are named in their official capacities, however, Plaintiff's claims against them are barred by the Eleventh Amendment.

### D. Defendants' Remaining Arguments

Plaintiff alleges that while he was involuntarily committed at Kingsboro, Defendants violated his Fourteenth Amendment liberty and due process rights, specifically, his (1) right to a jury trial to review the propriety of his civil commitment, (2) right to attend church services, (3) right to access to mail, (4) due process right to file grievances, and (5) right to refuse medication. Defendants argue that (1) they are entitled to judgment on the pleadings on plaintiff's claims because they complied with MHL and (2) individual defendants are entitled to qualified immunity. In support of their motion, Defendants submit the declarations of Commissioner Hogan, Drs. Norton and Vikas, Ms. Burroughs, and MHLS attorney Green, (Dkt. Nos. 111-115), and attach voluminous exhibits through attorney Green and Assistant Attorney General Jose L. Velez, (Dkt. Nos. 109, 110, 115). In part, these declarations contradict the factual recitation in Plaintiff's Amended Complaint, and in part, they provide additional facts that are not part of the pleadings.

As explained above, in deciding this motion, the Court is confined to the allegations in Plaintiff's amended complaint, the documents incorporated in the amended complaint by reference, relied on in drafting the amended complaint, and facts of which judicial notice may be taken. *See Sira*, 380 F.3d at 67. This Court may only consider the extraneous evidence if it converts this motion to one for summary judgment, pursuant to Rule 12(d). However, before converting a Rule 12(c) motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Marshall v. Downey*, 09-CV-1764 ARR LB, 2010 WL 5464270, at *3 (E.D.N.Y. Dec. 27, 2010) ("When a court converts a Rule 12(c) motion, the parties must be given notice, allowed to conduct any necessary discovery, and given the opportunity to submit any material pertinent to the Rule 56 motion.").

Here, in order to resolve whether Defendants actually violated Plaintiff's constitutional rights, and whether they are entitled to qualified immunity, the Court would be required to engage in a fact-intensive inquiry to determine whether Defendants did, indeed, interfere with Plaintiff's attempts to seek judicial review and file grievances in connection with his commitment, unreasonably abridge his rights to practice his religion, access mail, and refuse medication, and if so, whether individual Defendants are nevertheless entitled to qualified immunity. *See*, *e.g.*, *Esposito v. Quatinez*, 09 CV 0421 DRH GRB, 2014 WL 842766, at *8 (E.D.N.Y. Mar. 5, 2014) (finding genuine issue of material fact whether involuntarily committed patient's due process rights were violated where doctor's "sole contention" was that she "acted in conformance the MHL" and finding that "factual disputes at issue at this stage also prevent the Court from finding as matter of law that [the defendant] is entitled to qualified immunity."); *Pollack v. Holanchock*, 10 CV 2402 RPP, 2011 WL 4867558, at *5 (S.D.N.Y. Oct. 13, 2011) (declining to address qualified immunity on motion to dismiss as premature because the issue requires a fact-intensive inquiry); *see also Pearson v. Callahan*, 555 U.S. 223, 239 (2009) ("[W]hen qualified immunity is asserted at the pleading stage, the answer to whether there was a violation may depend on a kaleidoscope of facts not yet fully developed") (citation omitted). Presumably for that purpose, Defendants have submitted voluminous declarations and documents, which present facts that are outside the pleadings. Defendants ask this Court to accept those facts as true.

The declarations and documents submitted by Defendants may not be considered on a Rule 12(c) motion for judgment on the pleadings. They were not referenced in Plaintiff's complaint or relied upon in drafting the complaint, nor are they the types of documents of which the Court may take judicial notice. Thus, this Court may either refuse to consider Defendants'

evidence or convert Defendants' Rule 12(c) motion to one for summary judgment. Conversion would not be appropriate in this case because: Plaintiff is proceeding *pro se*; he is not on notice that such a conversion is possible; he has not yet had the benefit of discovery; and he disputes the facts in Defendants' declarations. Accordingly, Defendants' Rule 12(c) motion, which is more properly construed as a motion for summary judgment, is denied without prejudice as premature. *Marshall v. Downey*, 09-CV-1764 ARR LB, 2010 WL 5464270 (E.D.N.Y. Dec. 27, 2010) (declining to resolve Rule 12(c) motion and instead instructing parties to "conduct any necessary discovery and to submit to the court any material pertinent to [the case]").

## CONCLUSION

Defendants' Rule 12(c) motion is granted in part and denied in part. Plaintiff's claims against Commissioner Hogan and Attorney Green are dismissed in their entirety. Plaintiff's claims against OMH, MHLS, and individual defendants in their official capacities are dismissed as barred by the Eleventh Amendment. To the extent Plaintiff brings claims against Norton, Vikas, Castelle, and Burroughs in their individual capacities, those claims are not dismissed. Defendants' remaining arguments are denied.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: March 31, 2014