UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANTHONY WILLIAMS,

      Plaintiff,

   -against-

NEW YORK STATE OFFICE OF MENTAL HEALTH,
ET. AL.,

      Defendants.
------------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

10-cv-1022 (SLT) (JO)

**TOWNES, United States District Judge:**

  This case arises from Anthony Williams ("Plaintiff")'s involuntary confinement at the Kingsboro Psychiatric Center ("Kingsboro"), a facility operated by defendant New York State Office of Mental Health (the "OMH"). On March 5, 2010, Plaintiff, proceeding *pro se*, filed a complaint against the OMH, as well as other entities and individuals providing state-sponsored mental health services, alleging that these defendants violated his rights while he was detained at Kingsboro. Plaintiff filed an amended complaint on April 5, 2010. On December 21, 2010, Plaintiff was released from the inpatient facility to which he was previously confined.

  Presently before the court are two reports and recommendations denying Plaintiff's separately filed motions for preliminary injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1), this court must make a *de novo* determination of those portions of the reports and recommendations to which objections have been made. Upon *de novo* review, the court adopts the reports and recommendations in their entirety.

## I. STANDARDS OF REVIEW

"A Plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7 (2008). "As a prerequisite to establishing a likelihood of success on the merits of a claim, the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint." *Watson v. Moscicki*, 2009 WL 2252503, at *2 (W.D.N.Y. July 28, 2009) (adopting report and recommendation); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Penn v. San Juan Hosp.*, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Rahman v. Goord*, 2011 WL 3422798, at *2 (W.D.N.Y. Aug. 4, 2011) (same); *Grullon v. Reid*, 2000 WL 648891, at *1 n. 1 (S.D.N.Y. May 19, 2000) (same).

## II. THE REPORTS AND RECOMMENDATIONS AT ISSUE

On November 7, 2011, Plaintiff was arrested in Manhattan and charged with misdemeanor offenses involving theft and narcotics. At his arraignment on those charges, the state court remanded Plaintiff to custody and ordered that he undergo a psychological examination pursuant to article 730 of the New York State Criminal Procedure Law to determine his mental fitness to stand trial. (Document No. 121.) On November 21, 2011 Plaintiff filed a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a temporary restraining order and a preliminary injunction to enjoin the New York State Office of Mental

Health ("OMH") from conducting article 730 medical examinations. That motion was referred to Magistrate Judge James Orenstein.

On December 1, 2011, Judge Orenstein filed a Report and Recommendation (the "2011 R&R") recommending that Plaintiff's motion be denied. In so recommending, Judge Orenstein found "virtually no relationship between the conduct asserted in the Complaint's remaining claims – which seek monetary damages for violations of [Plaintiff's] rights that he asserts occurred in the past – and the purported injury [Plaintiff] seeks to avoid in the instant motion." (2011 R&R at 2.) Judge Orenstein also noted that the detention that led to the commencement of Plaintiff's lawsuit ended on December 21, 2010, and that the incident giving rise to Plaintiff's November 21, 2011 motion "concerns a court-ordered psychological evaluation on a criminal matter that arose almost eleven months after his release." (Id. at 2-3.) Plaintiff filed his objections to that report and recommendation on January 6, 2012.

On February 22, 2012, Plaintiff filed an additional motion, which the court also referred to Judge Orenstein. At a March 27, 2012 hearing before Judge Orenstein, Plaintiff explained that he filed the motion to obtain injunctive relief against the OMH due to an article 730 psychological examination that he was required to undergo at Bellevue Hospital following a December 2011 arrest. (Tr. at 4.)[1] At the hearing, Judge Orenstein rendered an oral report and recommendation, recommending that Plaintiff's motion be denied (the "2012 R&R").

In the 2012 R&R, Judge Orenstein recognized that Plaintiff had "a lot of concerns with the treatment [he] received at various points after arrest and when [he had] been examined and

---

[1] "Tr." refers to the transcript of the motion hearing held before Judge Orenstein on March 27, 2012 (Document No. 140).

3

people [had] drawn blood," but indicated to Plaintiff that his complaints are not necessarily those "that you can bring as part of the court action pending here." (Tr. at 14-15.) In that regard, Judge Orenstein noted that Plaintiff's February 22, 2012 motion was "essentially the same motion" as his motion filed on November 21, 2011. (Id. at 14, 17.) He further noted that Plaintiff's grievance did not appear to involve the state defendants named in his amended complaint and "is not part of the case that was brought for which you're seeking damages and [the court does not] think this is the appropriate forum to obtain the preliminary injunctive relief that you've requested." (Id. at 17.) Accordingly, Judge Orenstein concluded in the 2012 R&R that Plaintiff's "latest motion[, like his motion filed on November 21, 2011,] also doesn't have anything to do with this case. . . . So for that reason and the reasons set forth in [the 2011 R&R], I'm going to respectfully recommend that the court deny this latest motion for preliminary injunctive relief." (Id. at 16.)

Although this court initially adopted the 2012 R&R (Document No. 142), Plaintiff filed objections to that report and recommendation, as well as an unopposed motion to vacate that order. In his motion to vacate, Plaintiff explained that he had timely served his objections, but that for reasons that remain unclear, the court did not receive them. The court granted Plaintiff's motion (Document No. 150) and the OMH filed its response to Plaintiff's objections on April 12, 2013, to which Plaintiff replied on April 29, 2013.

III. DISCUSSION

The court adopts the conclusions in the 2011 R&R and the 2012 R&R that Plaintiff failed to establish any relationship between the conduct asserted in his amended complaint and the

purported injuries he seeks to avoid via his motions for injunctive relief. The court has reviewed all of Plaintiff's relevant submissions and finds no indication that the injunctive relief Plaintiff seeks regarding conduct concerning the detentions following his November 7, 2011 and December of 2011 arrests is in any way related to the treatment he received at Kingsboro, which ended in December of 2010 and provides the basis for his complaint in this court. Accordingly, for the reasons articulated in the 2011 R&R and the 2012 R&R, the court concludes that denial of Plaintiff's motions is appropriate. *See also Devose*, 42 F.3d at 471 ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citation omitted); *Grullon*, 2000 WL 648891, at *1 n. 1 (denying motion for a preliminary injunction because "there is no relationship between the injury claimed in [plaintiff's] letter motion and the conduct asserted in the complaint in this action.").

IV. CONCLUSION

The 2011 R&R [125] and the 2012 R&R [Dkt. Entry at 3/27/2012] are hereby ADOPTED in their entirety and Plaintiff's November 21, 2011 Motion for a Temporary Restraining Order and Preliminary Injunction and his February 22, 2012 Motion for Injunctive Relief are denied.

SO ORDERED.

S/
SANDRA L. TOWNES
United States District Judge

Dated: March 28, 2014
Brooklyn, New York